UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD CO | CIVIL ACTION NO. 3:15CV0074 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TAYLOR TRUCK LINE INC., ET AL | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Compel Joinder, [doc. # 6], filed by Defendants Taylor Truck Line, Inc., Taylor Logistics, Inc., Daniel A. Shackleford, and College City Leasing, LLC.[1] Plaintiff opposes the Motion. [doc. # 11]. For reasons stated below, it is recommended that the Motion be **DENIED**.

### Background

Plaintiff filed the instant diversity suit against Defendants on January 14, 2015. [doc. # 1]. Plaintiff alleges that Defendants are liable for damages arising out of an October 5, 2013 collision between Plaintiff's train and a tractor trailer owned by Defendant College City Leasing, LLC, leased by Defendant Taylor Truck Line, Inc., and driven by Defendant Daniel Shackleford. *Id.* at 3. Plaintiff alleges that Shackelford attempted to drive the tractor trailer over a railroad crossing in Mer Rouge, Louisiana, but the tractor trailer "became lodged on the crossing with the tractor trailer straddling the tracks." *Id.* at 4. Shortly thereafter, according to Plaintiff, its train

---

[1] Defendants entitle their Motion a "Rule 12(b)(7) Motion to Compel Joinder." [doc. # 6]. Federal Rule of Civil Procedure 12(b)(7) authorizes courts to dismiss an action for "failure to join a party under Rule 19." Federal Rule of Civil Procedure 19, in turn, provides for dismissal if the joinder of a "required party" will deprive the court of subject-matter jurisdiction and, in equity and good conscience, the action should be dismissed. Here, despite the Motion's title, Defendants only ask the Court to join the absent individuals and entities; they do not seek to dismiss the action. In fact, Defendants claim that "[a]dding the parties sought to be joined will not deprive this court of subject matter jurisdiction." [doc. # 6-1, p. 5].

approached the crossing and collided "violently and forcefully" with the tractor trailer. *Id.* at 5.

Plaintiff claims that the force of the collision caused the train to derail, spill cargo, and leak Argon. *Id.* Plaintiff faults Shackleford for, *inter alia*, attempting to traverse the railroad crossing "when he knew or should have known that the ground clearance afforded by the tractor trailer [was] not sufficient or adequate" and for failing to adequately warn the Union Pacific train crew of the danger he created. *Id.* Plaintiff maintains that the remaining Defendants are vicariously liable for Shackleford's negligence and directly liable for various instances of their own negligence. *Id.* at 9-12.

Defendants filed the instant Motion to Compel Joinder on March 19, 2015. [doc. # 6]. They urge the Court, pursuant to Rule 19, to compel Plaintiff to join the State of Louisiana, the Louisiana Department of Transportation and Development ("DOTD"), the City of Mer Rouge, Morehouse Parish, Russell Rowe, and James Kovalyshyn as additional Plaintiffs. *Id.*[2] Plaintiff filed its memorandum in opposition to the Motion on April 6, 2015. The matter is now before the Court.

## Law and Analysis

Defendants seek to join the proposed parties pursuant to Federal Rule of Civil Procedure 19(a)(1)(B)(ii). [doc. # 6-1, p. 6; 12-2]. The Rule provides, "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be

---

[2] Defendants never explicitly state whether the additional individuals and entities should be joined as plaintiffs or defendants; however, Defendants clearly seek to join them as plaintiffs when they argue, in reply, that the parties sought to be joined are asserting, or will assert, the same claims against Defendants that Plaintiff asserts in this proceeding. [doc. # 12-2, p. 2]. Defendants go on to envision various scenarios in which the parties sought to be joined bring claims against them and, consequently, subject them to "a substantial risk of incurring double, multiple or otherwise inconsistent obligations." *Id.* at 1-5.

joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1)(B)(ii). Analyzing Rule 19 is a "highly-practical, fact-based endeavor . . . ." *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).

The party advocating joinder bears the initial burden of demonstrating that a missing party is necessary. *Id.* Once the movant presents facts indicating that a "possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* If the absent party is necessary, but it "cannot be joined without destroying subject-matter jurisdiction, the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Id.*

Even in diversity cases, the joinder determination is a question of federal law. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 (1968). "To be sure, state-law questions may arise in determining what interest the outsider actually has, but the ultimate question whether, given those state defined interests, a federal court may proceed without the outsider is a federal matter." *Id.* (internal citation omitted).

**I. Interest in the Subject of the Action**

Here, Defendants fail to allege with any factual specificity that the absent parties "claim an interest" in the subject of this action. Joinder under Rule 19(a)(1)(B)(ii) is only required if a proposed party "claims an interest" in the subject of the litigation. FED. R. CIV. P. 19(a)(1)(B); *see Grand Acadian, Inc. v. Flour Corp.*, 2008 WL 408874, at *2 (W.D. La. Feb. 12, 2008)

3

(noting that "it is not enough for a legally protected interest to exist, but that the absent party must actually assert that interest."). The claimed interest "must be more than a financial stake, and more than speculation about a future event." *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 623 (N.D. Tex. 2013) (internal quotation marks and citation omitted).

Here, Defendants state, without elaboration, that Russell Rowe and James Kovalyshyn—the engineer and conductor of the train, respectively—"already asserted their own claims against Defendants," but they do not present any facts or evidence in support.[3] *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986) (emphasizing that Rule 19 requires a careful examination of the facts); *Turner v. Pavlicek*, 2011 WL 4458757, at *8 (S.D. Tex. Sept. 22, 2011) (reasoning that, without evidence, the court could not speculate as to whether the absent parties were required parties). Similarly, although Defendants argue that the State of Louisiana, the Louisiana Department of Transportation and Development, the City of Mer Rouge, and Morehouse Parish *may* be entitled to assert claims for damages, they do not meet their initial burden of presenting facts indicating that these entities actually claim any interest.[4] *See, e.g, St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 2014 WL 7237411 (W.D. Tex. Dec. 17, 2014); *Colbert v. First NBC Bank*, 2014 WL 1329834, at *3 (E.D. La. March 31, 2014) (holding that the conclusory assertion that the absent party has a "clear interest" fell short of the required showing and noting that the absent entity did not "seek to stay, intervene, or otherwise participate" in the case); *Broadcast Music, Inc. v. Armstrong*, 2013 WL 3874082, at *6 (W.D.

---

[3] [*See* doc. # 12-2, p. 2].

[4] *Id.* at 4.

Tex. July 24, 2013) (observing that "the fact that an absent party does not seek joinder by is own volition indicates that it lacks an interest relating to the subject matter of the action.").

Defendants' conclusory arguments only demonstrate that the proposed parties may have some speculative or theoretical interest in the subject of this action. There is no indication that the proposed parties actually assert any interest; thus, Defendants do not carry their burden of demonstrating that the absent individuals and entities are required parties.[5]

**II. Risk of Inconsistent Obligations**

Although the Court need not proceed further, the Court also finds, for the same reasons, that disposing of this action in the absence of the proposed parties will not leave Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Defendants' primary contention is that "Plaintiff's claims for damages herein include, in pertinent part, claims for the very damages being claimed against Defendants by the parties sought to be joined." [doc. # 12-2]. Defendants first point to Plaintiff's prayer for "expenses incurred and/or paid to or on behalf of injured train crew members" and for "payment of any claims for personal injuries, medical expenses, wages and other damages occasioned by Union Pacific crew members." [doc. # 1, p. 1]. Defendants argue that the two crew members "most likely will file" suit and bring their own personal injury claims, thus subjecting Defendants to multiple obligations. [doc. # 12-2, p. 2]. Next, Defendants highlight Plaintiff's prayer for the

---

[5] The Court also observes that any subsequent suit—by either the crew members for personal injuries or the governmental entities for damage to the railroad and roadbed—arising out of the October 5, 2013 collision will likely be time-barred. In Louisiana, personal injury claims and claims of damage to immovable property are subject to liberative one year prescriptions that commence, respectively, the day the injury is sustained and the day the property owner acquired knowledge of the damage. LA. CIV. CODE art. 3492, 3493.

costs and expenses of repairing or replacing the damaged track and roadbed. [doc. # 1, p. 13]. They argue that, to the extent the State of Louisiana, DOTD, the City of Mer Rouge, and Morehouse Parish own or maintain the track and roadbed, "those entities would also be entitled to assert claims for the damages to the track and road." [doc. # 12-2, p. 4].

Defendants' argument, ultimately, amounts to nothing more than speculation. Tellingly, instead of presenting facts that demonstrate a substantial risk of multiple or inconsistent obligations, Defendants rely on two hypothetical scenarios in which the proposed parties bring claims for the same damages that Plaintiff seeks. [doc. # 12-2, p. 2-5]. The hypothetical specter of future litigation, however, does not amount to a *substantial* risk of incurring double, multiple, or otherwise inconsistent obligations.

Putting all of that aside, and even assuming that the proposed parties do claim an interest in the subject of this proceeding and will institute subsequent suits against Defendants seeking the same relief that Plaintiff seeks, disposing of this action in the proposed parties' absence will not leave Defendants subject to a substantial risk of incurring multiple or otherwise inconsistent obligations. Consider Defendants' first hypothetical scenario:

> [T]he instant claim proceeds to trial absent the joinder of crew members, and Defendants are held to be 100% liable to Plaintiff for the damages sought herein, inclusive of the damages arising out of both crew members' personal injuries, medical expenses, wages and other related damages incurred by those crew members. Meanwhile, one of the crew members, Rowe, files his own lawsuit, which proceeds to trial, and results in a judgment that Rowe was 50% at fault in causing the accident, and that Defendants are only 50% liable for the accident in question and Rowe's resulting damages (i.e. the damages arising out of Rowe's personal injuries, medical expenses, wages and other related damages.) Further consider that Kovalyshyn, another crew member, files his own lawsuit, which proceeds to trial, and results in a judgment that Kovalyshyn was 75% at fault in causing the accident, and that Defendants had 25% liability for the accident and resulting damages, including damages arising out of Kovalyshyn's personal injuries, medical expenses, wages and

>other related damages. This would result in Defendants being subject to both multiple obligations, and inconsistent obligations, i.e. one obligation to pay 100% of both crew members' damages which were incurred by Plaintiff, another obligation to pay only 50% of Rowe's damages, and yet another obligation to pay only 25% of Kovalyshyn's damages.

[doc. # 12-2, p. 3].

Clearly, Defendants fear they will be ordered to compensate the train's crew members for their injuries twice, once by reimbursing Plaintiff for its payments to the crew members and again by compensating the crew members directly. However, this type of double recovery is impermissible. *See Gagnard v. Baldridge*, 612 So. 2d 732, 736 (5th Cir. 1993) (holding that an employee may not be doubly compensated for the same elements of damages through worker's compensation benefits and tort damages and that "a wrongdoer should not be required to pay twice . . . ."); *Albert v. Farm Bureau Ins. Co.*, 940 So. 2d 620, 624 (La. 2006); *Robinson v. N.A. Salt Co.*, 865 So. 2d 98, 109 (La. App. 1 Cir. 2003) (holding that a plaintiff who received medical expenses and indemnity benefits could not be compensated again by a third-party tortfeasor for the same damages).[6] Consequently, Defendants' conjectural fear is unfounded.

---

[6] In *Crayton v. State Farm Mut. Auto. Ins. Co.*, 293 So. 2d 575, 578 (La. App. 3 Cir. 1974), the court held that a third-party tortfeasor was not entitled to a credit against the amount of damages awarded in an employee's suit for medical expenses for the amount of medical expenses that the employer already paid through workers' compensation. The ruling, however, was simply a recognition of the collateral source rule, which "provides that a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution." *Bellard v. Am. Cent. Ins. Co.*, 980 So. 2d 654, 668 (La. 2008) (internal quotation marks and citation omitted). The rule does not apply in the hypothetical scenario that Defendants present here because the monies that the crew members received from Plaintiff did not come from a source independent of Defendants' contribution; rather, in the hypothetical, Defendants reimbursed Plaintiff for those monies. *See Global Petrotech, Inc. v. Engelhard Corp.*, 58 F.3d 198, 202-03 (5th Cir. 1995) ("Generally, the rule does not apply when the tortfeasor has paid for the plaintiff's collateral benefit."). *Phillips v. W. Co. of N.A.*, 953 F.2d 923, 931 (5th Cir. 1992) (holding that the collateral source rule should not apply when the tortfeasor contributes to the

>Consider Defendants' second hypothetical scenario:
>
>>[I]t is shown that the track and/or road were jointly owned and or maintained by Plaintiff, the State, and the Parish, and that this suit proceeds to trial absent those parties. In this suit, suppose that Defendants are held 100% liable for the accident, and thus 100% liable to Plaintiff for damages to the track and road. Consider that the State files its own lawsuit against defendants seeking damages to the track and/or road, and it obtains a judgment that Defendants were 50% at fault, and thus liable for 50% of the State's damages to the track and/or road. Finally, suppose that the Parish files its own lawsuit seeking the same damages, and obtains a judgment that Defendants were 25% at fault, and thus liable for 25% of the damages to the track and/or road. This would result in subjecting Defendants to multiple and inconsistent obligations, i.e. one obligation to pay 100% of the damages to the road and track, another obligation to pay only 50% of those same damages, and yet a third obligation to pay only 25% of those damages.

[doc. # 15, p. 5]. In this scenario, it is certainly possible that Defendants will incur multiple *judgments*. However, "it is the threat of *inconsistent* obligations, not the possibility of multiple litigation . . . that determines Rule 19 considerations." *Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988); *see also Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) ("[A] risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident . . . does not necessitate joinder . . . .").[7] In the hypothetical example here, Plaintiff has not been ordered to do something under one judgment that it has been ordered not to do under another. Thus, Defendants' argument is unavailing.

---

prior benefit that the plaintiff received, because the "rule is intended to ensure that the availability of outside sources of income does not diminish the plaintiff's recovery, not make the tortfeasor pay twice.").

[7] Relatedly, even when it is conceivable that one suit will engender a subsequent suit, "judicial economy and convenience do not in themselves provide grounds for dismissal." *Boone v. Gen. Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir. 1982).

8

### Conclusion

For the reasons stated above, IT IS RECOMMENDED that Defendants' Motion to Compel Joinder, [doc. # 6], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 21st day of April, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE