UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNION PACIFIC RAILROAD CO.** | : | **CIVIL ACTION NO. 15-0074** |
| **VS.** | : | **JUDGE ROBERT G. JAMES** |
| **TAYLOR TRUCK LINE, INC., ET AL.** | : | **MAG. JUDGE KAREN L. HAYES** |
| | | **(consolidated with)** |
| **R & L BUILDERS SUPPLY, INC., ET AL.** | | **CIVIL ACTION NO. 15-2460** |
| **VS.** | | |
| **UNION PACIFIC RAILROAD CO., ET AL.** | | |

### MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are two discovery-related motions [doc. #s 236 & 237], as twice supplemented [doc. #s 274 & 281], and associated requests for sanctions, filed by defendants, Taylor Truck Line Inc., Taylor Logistics Inc, College City Leasing, LLC, Daniel Shackleford, and Taylor Consolidated Inc. (collectively, "Taylor"). The motions, as supplemented, are opposed. For reasons explained below, the motions are DENIED.[1]

### Background[2]

On October 10, 2016, Taylor filed the instant motions to compel Union Pacific Railroad Company ("UPRC"): 1) to respond to outstanding discovery responses, and 2) to produce

---

[1] As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] The facts of this case are recounted in the court's October 31, 2016, Report and Recommendation [doc. # 256]

documents in response to two subpoenas and to schedule the deposition of Doug Woods. Specifically, the former motion sought an order compelling UPRC to provide responses to Taylor's Second, Third, Fourth, and Fifth Sets of Interrogatories, plus its Second and Third Sets of Request for production. The latter motion sought an order compelling UPRC to respond to Taylor's subpoenas served on July 22 and August 25, 2016, and to compel the deposition of UPRC's 30(b)(6) witness, Doug Woods.

Following the parties' ongoing ameliorative efforts, on December 30, 2016, Taylor supplemented its motions to narrow the scope of the disputed discovery. On February 8, 2017, Taylor again supplemented its motions to winnow down the discovery impasse to one interrogatory, and two items of documents that were listed in the records subpoenas.

On February 9, 2017, the court ordered UPRC to file a response to the motions by February 21, 2017. (Feb. 9, 2017, Order [doc. # 282]). On February 21, 2017, UPRC filed its "supplemental"[3] opposition to Taylor's motions to compel. [doc. # 285]. Taylor did not file a reply. The matter is ripe.

## Analysis

**I.     Motion to Compel Discovery Responses [doc. # 236]**

a)     Law

Rule 33 provides that a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a)(2). The interrogatories must be answered by the party to whom they are directed. Fed.R.Civ.P. 33(b)(1). A party seeking discovery may move for an order compelling production against another party when the latter has failed to answer an interrogatory. *See* Fed.R.Civ.P. 37(a)(3)(B). An evasive

---

[3] There is no indication that UPRC filed an "initial" opposition to the motions to compel.

or incomplete response is treated as a failure to respond. Fed.R.Civ.P. 37(a)(4).

Under Rule 26(b),

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

    b)    Discussion

The sole remaining discovery item pertaining to the interrogatories which are the subject of the instant motion is Interrogatory No. 1 of movants' Fourth Set of Interrogatories. It provides, as follows,

> "[p]lease provide the last known contact information for all former UPRR employees who worked on surfacing gangs, tie gangs or any other gang that removed the crossing surface, performed work at the crossing and then replaced the crossing surface in such a manner that asphalt patch was added to smooth the transition from the approaches to the crossing surface."

Movants subsequently narrowed the request to those employees who performed the work or inspection for the 1991 and 2009 projects at the subject crossing. (Taylor 2nd Suppl. Memo., pg. 2).

In its opposition, UPRC argues that movants failed to demonstrate how identification of every employee who worked on the project is relevant and proportional to the needs of this case.

3

In any event, UPRC endeavored to identify the requested employees, but to no avail. Moreover, UPRC is continuing its efforts to identify the managers of the gangs that worked at the crossing, and will supplement its response, if needed.

The court finds that UPRC has complied with its obligations under Rule 33. It shall supplement its response, as appropriate, pursuant to Rule 26(e).

**II.     Motion to Compel Subpoena Responses and the Deposition of Doug Woods**

a)     Law

Rule 45 governs the issuance of subpoenas to parties and non-parties alike. *See* Fed.R.Civ.P. 45. It also contemplates motions to quash, modify, or to compel compliance with the subpoena. *Id*.

For discovery matters, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . Fed.R.Civ.P. 45(c)(2)(A). Thereafter, "[a] person commanded to produce documents or tangible things . . . may serve on the party or attorney designated in the subpoena a written objection to . . . any or all of the materials . . ." Fed.R.Civ.P. 45(d)(2)(B). "If an objection is made . . . the serving party may move *the court for the district where compliance is required* for an order compelling production or inspection." Fed.R.Civ.P. 45(d)(2)(B)(i) (emphasis added). Moreover, when a subpoena is issued as a discovery device, relevance is measured in accordance with Rule 26(b). *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998).

A party may, by oral questions, depose any person, including another party, but must provide reasonable written notice to every other party. Fed.R.Civ.P. 30(a) &(b)(1). In addition, a party may name an entity as a deponent so long as the party also describes with reasonable

particularity the matters for examination. Fed.R.Civ.P. 30(b)(6). The named entity/deponent then must designate one or more persons or officials and the matters upon which each will testify. *Id*. A party seeking discovery may move for an order compelling a Rule 30(b)(6) designation if a corporation or other entity fails to do so. Fed.R.Civ.P. 37(a)(3)(B)(ii).

      b)    <u>Discussion</u>[4]

The sole remaining discovery item pertaining to the subpoena for documents served on July 22, 2016, is Item No. 2, which requested, "[t]he current version of any claims manuals, reference guides, claims reference database or other accident investigation manuals available to your claims personnel that relate to crossing accident investigations." Taylor apparently seeks an on-track training module that UPRC employees access through a website and use as a reference when conducting investigations. (Taylor 2nd Suppl. Memo., pgs. 3-4). Taylor maintains that these "documents" are relevant to show UPRC's policies and procedures when determining the cause of prior accidents and to prevent future accidents.

In response, UPRC contends that the guidelines used by its claims/risk management department are not relevant to this case. UPRC emphasizes that Taylor already is aware of prior incidents at the subject crossing, and exactly how UPRC compiled the information is irrelevant. In any event, UPRC asserts that the materials are proprietary, and subject both to the work product doctrine and attorney-client privilege.

The court agrees with UPRC that movants have not sufficiently demonstrated the

---

[4] The court observes that the records subpoenas appear to be unenforceable because they seek production of documents in Metairie, Louisiana, which is more than 100 miles away from UPRC's counsel's office in Lafayette, Louisiana. In addition, because the subpoenas required compliance in the Eastern District of Louisiana, the motion to compel is not properly before this court. Nonetheless, because the discovery pertains to parties to this suit, and because movants have not demonstrated that they are entitled to prevail on the merits, *see* discussion, *infra*, the court will proceed to analyze the motion.

relevance of documents related to UPRC's procedures and policies for investigating prior accidents. UPRC's objection is sustained.

The sole remaining discovery item pertaining to the subpoena for documents served on August 25, 2016, is Item No. 5, which requested, "[a]ny and all documentation showing maintenance and/or inspection performed at the Grade Crossing were [sic] this accident occurred and within the approaches to the crossing." In particular, Taylor wants access to a comprehensive version of UPRC's Track Maintenance Planner, which would show "watch list" items or maintenance tasks to be performed at the subject crossing.

In its response, UPRC explained that the "Track Maintenance Planner" is not a document "that can be duplicated but is instead a computerized program/database that draws live/ever-changing data from various sources so as to assist track inspectors and other such employees in coordinating their periodic tasks." (UPRC Suppl. Opp. Memo., pg. 5). Therefore, UPRC is unable to generate an electronic document from the "Track Maintenance Planner" for the time period relevant to this suit. *Id*.

The court understands UPRC's response to mean that because the program is live and constantly changing, UPRC is unable to go back in time to show a "watch list" or maintenance tasks that were to be performed prior to the subject accident. Under these circumstances, the court agrees that movants have not demonstrated the relevancy of the responsive "document(s)" that UPRC is able to produce, i.e., current track issues. Accordingly, UPRC's objection is sustained.

In its latest brief, movants stated that they were in the process of scheduling the deposition of UPRC's corporate representative Doug Woods. In its response, UPRC represented that the parties had set Mr. Woods' deposition for April 11, 2017. Thus, this issue is moot.

### III. Sanctions, Fees, Expenses, and/or Costs

Taylor seeks "sanctions, including reasonable expenses and attorney's fees" as a result of UPRC's refusal to respond to movants' written discovery and subpoenas. The court generally must award reasonable expenses to the prevailing party on a motion to compel. Fed.R.Civ.P. 37(a)(5). The rule authorizes exceptions, however, for non-disclosures and responses that were substantially justified, or other circumstances that make an award unjust. *Id*. Moreover, when, as here, a motion to compel is granted in part and denied in part,[5] the court *may* apportion the reasonable expenses associated with the motion. Fed.R.Civ.P. 37(a)(5)(C).

Considering the mixed relief obtained by movants, the court is not inclined to assess costs, expenses, and/or fees in this instance.

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that Taylor's motions to compel UPRC: 1) to respond to outstanding discovery responses [doc. # 236], and 2) to produce documents in response to subpoenas and to schedule the deposition of Doug Woods [doc. # 237], as twice supplemented [doc. #s 274 & 281, together with the associated requests for sanctions, expenses, and fees, are DENIED.

In Chambers, at Monroe, Louisiana, this 8th day of March 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[5] Although the court has denied the remainder of the motions to compel, Taylor is considered a prevailing party as to the discovery that UPRC produced only *after* the motions were filed. *See* Fed.R.Civ.P. 37(a)(5)(A).