# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNION PACIFIC RAILROAD COMPANY** | **CIVIL ACTION NO. 15-0074** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TAYLOR TRUCK LINE, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

--(consolidated with)--

| | |
|---|---|
| **R & L BUILDERS SUPPLY, INC., ET AL.** | **CIVIL ACTION NO. 15-2460** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **UNION PACIFIC RAILROAD COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court are motions for partial summary judgment [Doc. Nos. 189, 195, 199 & 207] filed by Prewett Enterprises, Inc. ("Prewett"), Hulcher Services, Inc. ("Hulcher"), College City Leasing, LLC ("College City"), Daniel Shackleford ("Shackleford"), Taylor Logistics, Inc. ("Taylor Logistics), Taylor Truck Line, LLC ("Taylor Truck"), Taylor Consolidated, Inc. ("Taylor Consolidated")[1], and Union Pacific Railroad Co. ("Union Pacific"). Prewett, Hulcher, the Taylor Entities, and Union Pacific move the Court for summary judgment on the loss of lease

---

[1] Collectively, the Court will refer to College City, Shackleford, Taylor Logistics, Taylor Truck, and Taylor Consolidated as "the Taylor Entities."

Taylor Consolidated is not listed as a movant in the motion for partial summary judgment [Doc. No. 199] filed by the other Taylor entities. This appears to be a clerical error. To the extent that claims of loss of lease payments are asserted against Taylor Consolidated, those claims are subject to dismissal for the same reasons set forth below, and the Court finds no prejudice to the non-movants by entry of judgment in its favor as well.

payments asserted by R & L Properties of Oak Grove, LLC ("Properties") and R & L Builders Supply, Inc. ("Builders Supply") based on the expansion of the Builder Supply business.

For the following reasons, the motions for partial summary judgment on the loss of lease payments are GRANTED.[2]

## I. FACTS AND PROCEDURAL HISTORY

On October 5, 2014, a collision occurred in Mer Rouge, Louisiana, when a Union Pacific train collided with a 2013 Kenworth tractor with trailer and dolly (hereinafter "tractor-trailer") which had become lodged on the highway/railway grade crossing when the driver, Daniel Shackleford, attempted to cross.[3] The tractor-trailer was owned by College City and leased to Taylor Truck.

As a result of the collision, approximately 17 railroad cars and 2 locomotives left the railroad tracks, cargo spilled, and a tank car leaked Argon onto surrounding property. Properties owns the land located along Church Street in Mer Rouge[4] ("the Church Street Land") where at least some of the cars and other debris came to rest after the collision. Builders Supply operates a building supply and equipment facility on Andrews Lane in Mer Rouge.

---

[2]The Court will address the pending motions for summary judgment related to the other business loss claims asserted by Properties and Builders Supply separately. *See* [Doc. Nos. 181, 185, 196 & 208].

[3]The facts surrounding the collision are set forth more fully in the Court's previous rulings in this matter.

[4]The legal description of the land is as follows:

Lots 1 through 12, Block 23 inclusive of the T.H.B. Andrews Addition to Mer Rouge, Louisiana, as per plat thereof recorded in the Office of the Clerk of Court of Morehouse Parish, Louisiana, LESS AND EXCEPT the North 75 feet of Lots 10, 11, and 12, the North 75 feet of the East 5 feet of Lot 9, and the North 30 feet of Lots 7, 8 and 9 of said Block 23.

On January 14, 2015, Union Pacific brought the instant suit against Shackleford, and the entities that otherwise owned, leased, or had another interest in the tractor-trailer, Taylor Truck, Taylor Logistics, Inc., and College City.[5] On November 4, 2015, a lawsuit filed by Properties and Builders Supply was consolidated with this lawsuit.

Approximately one year before the accident, Properties purchased the Church Street Land for the purpose of expanding Builders Supply's business operations. Prior to and at the time of the accident, Builders Supply was storing used cross ties on the Church Street Land.

On February 27, 2017, the Court issued a Ruling and Judgment [Doc. Nos. 287 & 288], finding that there was no valid lease of the Church Street Land from Properties to Builders Supply and dismissing any claims asserted by Builders Supply for damage to the Church Street Land. The Court allowed Builders Supply to proceed with any claims for damages to cross ties it had stored on the Church Street Land with Properties' permission.

In the instant motions, Union Pacific and its contractors, Prewett and Hulcher, as well as the Taylor Entities move for summary judgment on the business claims asserted by Properties and Builders Supply. The motions have been fully briefed, and the Court is prepared to rule.

## II.     LAW AND ANALYSIS

### A.     Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment

---

[5]Union Pacific, Builders Supply, and Properties all later amended to assert claims against the Robert G. Taylor Irrevocable Trust and against Robert G. Taylor, individually and as trustee of the Robert G. Taylor Irrevocable Trust. Those claims have since been dismissed either with or without prejudice and are no longer pending in this Court.

is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

### B. Loss of Lease Payments

Properties and Builders Supply jointly claim as an element of damages the alleged "loss of increased lease payments as a result of anticipated expansion of [Builders Supply's] business operations." [Doc. No. 1, ¶ XXXV]. The moving parties argue that Builders Supply has no right to make this claim because the Church Street Land is owned by Properties. They argue further that Properties cannot prevail on the business loss or loss of increased lease payments because such claim is too speculative.

Properties and Builders Supply oppose the motions and argue that the motions are a duplicate of the attack on the "valid" lease between the two entities, that materials were on hand for construction, and that financing would be handled through an increase to Properties' line of credit with Mer Rouge State Bank.

The moving parties respond that, even if a valid lease had been found by the Court, the

4

amount of the lease was unknown and could not meet the standard for lost profits to a reasonable degree of certainty. Finally, the moving parties argue that Randle McLarrin never mentioned a line of credit as providing financing for the project in his three depositions and that an increase in a line of credit is still a form of additional financing that had not been sought or the amount determined.

First, if the loss of increased lease payments could be established, such a claim would belong to Properties, not Builders Supply. Builders Supply has no basis for asserting this claim, and the motions for partial summary judgment are GRANTED as to Builders Supply.

Second, Properties could potentially assert a claim for loss of increased lease payments. However, since these motions were briefed, the Court has determined that Properties and Builders Supply failed to establish that there was a valid lease of the Church Street Land. [Doc. No. 287, pp. 8-11]. Properties cannot establish the loss to a reasonable degree of certainty, and the motions for partial summary judgment are also GRANTED as to Properties.

### III. CONCLUSION

For the foregoing reasons, the motions for partial summary judgment on Properties' and Builders Supply's claim for loss of lease payments [Doc. Nos. 189, 195, 199 & 207] filed by Prewett, Hulcher, the Taylor Entities, and Union Pacific are GRANTED, and these claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 9th day of May, 2017.

*(signed)* Robert G. James

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE