# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNION PACIFIC RAILROAD COMPANY** | **CIVIL ACTION NO. 15-0074** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TAYLOR TRUCK LINE, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

--(consolidated with)--

| | |
|---|---|
| **R & L BUILDERS SUPPLY, INC., ET AL.** | **CIVIL ACTION NO. 15-2460** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **UNION PACIFIC RAILROAD COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court is R & L Properties of Oak Grove, LLC's ("Properties") "Motion for New Trial on the Issue of Negligence, R. Doc. 293, Concerning Motion for Summary Judgment filed by Defendant, Prewett Enterprises, Inc. [R. Doc. 182] and Motion for Summary Judgment filed by Defendant, Hulcher Services, Inc. [R. Doc. 187]" ("Rule 54(b) Motion") [Doc. No. 294]. Properties moves the Court to reconsider its April 20, 2017 ruling [Doc. No. 293] granting partial summary judgment to Defendants Prewett Enterprises, Inc. ("Prewett") and Hulcher Services, Inc. ("Hulcher") and dismissing Properties' negligence claims against these Defendants. Properties argues that

> The defendants have not demonstrated that they had permission to enter the Church Street property, and, in fact, have admitted that they never sought to obtain any such permission from the property owners.

> Article 2315 would define that instrumental conduct as negligence:

> "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
>
> Prewett and Hulcher were required to obtain landowner permission in their contracts with UPRC. *See*, Contract between UPRC and Prewett, **R.Doc. 224-20**. Therefore, these defendants not only had the legal obligation to not trespass on private property, but also had the contractual obligation to not do so. R & L Properties was a third-party beneficiary of that contractual obligation.

[Doc. No. 294-2, p. 4]. Accordingly, Properties argues that summary judgment should not have been granted on its negligence claims.

On May 17, 2017, Prewett filed a memorandum in opposition to the pending motion. [Doc. Nos. 316 & 319].[1] Prewett responds that Properties failed to state a basis for any modification to the Court's Judgment because the argument has already been addressed. To the extent that Properties has tried to recharacterize its argument as "a 'contractual' duty 'to not trespass,'" Prewett points out that the argument has been presented and addressed and that the trespass allegation is the basis of a separate motion that the Court has also ruled upon.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments. Rule 54(b) provides that any order "that adjudicates fewer than all the claims... [among] all the parties... may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural

---

[1] Prewett argues that Properties improperly brought the instant motion as a motion for new trial, but that it should be considered as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). [Doc. No. 316]. Prewett filed a second memorandum amending its statement of the law to clarify that motions for reconsideration filed within **28** days of final judgment, not 10 days, are considered under Rule 59 (e). However, as discussed below, neither party is correct. A motion asking for reconsideration of an interlocutory order is considered under Rule 54(b), not 59(e) or as a motion for new trial.

power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see generally Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). An "order granting partial summary judgment [is] interlocutory," and, therefore, the Court must "analyze[] the motion for reconsideration under Rule 54(b) . . . instead of Rule 59(e), which applies to final judgments." *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals*, LLC, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, in determining whether to grant the motion, the Court must evaluate whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *HBM Interests,* 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

In this case, the Court finds no basis to reconsider or rescind its previous Ruling and Judgment. The Court has properly considered and rejected Properties' negligence arguments. The act of trespassing is an intentional tort or delict, not negligence. To the extent that there was an action for trespass, such action was considered in a separate ruling, and there is a separate motion

for reconsideration pending on that ruling and judgment. Therefore,

IT IS ORDERED that the motion is DENIED.

MONROE, LOUISIANA, this 1st day of June, 2017.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE