# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNION PACIFIC RAILROAD COMPANY** | **CIVIL ACTION NO. 15-0074** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TAYLOR TRUCK LINE, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**--(consolidated with)--**

| | |
|---|---|
| **R & L BUILDERS SUPPLY, INC., ET AL.** | **CIVIL ACTION NO. 15-2460** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **UNION PACIFIC RAILROAD COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court is R & L Builder Supply, Inc.'s ("Builders Supply") "Motion for New Trial, or in the Alternative, for Relief under Rule 60 on the Issue of 'Past and Future Loss of Revenue from Anticipated Expansion of Builders Supply'" ("Rule 54(b) Motion") [Doc. No. 323]. Properties moves the Court to reconsider its May 17, 2017 Judgment [Doc. No. 321] granting in part and denying in part motions for summary judgment filed by Defendants Prewett Enterprises, Inc. ("Prewett"); Hulcher Services, Inc. ("Hulcher"); Union Pacific Railroad Co. ("Union Pacific"); and College City Leasing, LLC; Daniel Shackleford; Taylor Logistics, Inc.; Taylor Truck Line, LLC; Taylor Consolidated, Inc. (collectively "the Taylor Entities") on claims by Builders Supply for past and future loss of revenues from the anticipated expansion of its business operations. The Court held that Builders Supply's "evidence is too speculative to show net losses it might have suffered by the

delay in expansion and loss of storage capacity," and, thus, as Builders Supply "cannot establish the loss to a reasonable degree of certainty," the Court granted the motions for partial summary judgment in part. [Doc. No. 290, p. 10]. However, the Court found that Builders Supply had raised a genuine issue of material fact for trial whether it suffered damages from the loss of sale of top soil, and, thus, this extent, the Court denied the motions for partial summary judgment. [Doc. No. 290, pp. 11-12].[1]

Properties argues that the depositions of Builders Supply's accountant, James Gowdy ("Gowdy"), and its expert, Dr. Randolph Rice ("Rice"), were taken after the motions for partial summary judgment were fully briefed. He points to testimony from those depositions to support his argument that the Court failed to take into account that the expansion onto the Church Street property would reduce the cost of goods sold because it would have fostered greater bulk purchases, allowed greater access to inventory in storage, and reduced damages to materials left exposed in the elements.

On June 15, 2017, Prewett filed a memorandum in opposition to the pending motion. [Doc. No. 336]. The Taylor Entities joined in Prewett's opposition. [Doc. No. 337]. Prewett responds that there is no basis to amend the Court's Judgment because the deponents' testimony relies on "speculative, unsupported statements provided by [Randle] McLarrin and counsel for Builders Supply." [Doc. No. 336, p. 3].

No reply memorandum was filed.

As the Court has explained in previous rulings, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Instead, a motion challenging a judgment or order

---

[1]The Court dismissed all claims by R & L Properties of Oak Grove, LLC, *see* [Doc. No. 290, p. 6], but that entity has not moved for reconsideration, and, thus, the Court's dismissal of its claims is not challenged.

2

may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments. Rule 54(b) provides that any order "that adjudicates fewer than all the claims... [among] all the parties... may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see generally Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). An "order granting partial summary judgment [is] interlocutory," and, therefore, the Court must "analyze[] the motion for reconsideration under Rule 54(b) . . . instead of Rule 59(e), which applies to final judgments." *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals*, LLC, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *HBM Interests,* 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

In this case, the Court finds no basis to reconsider or rescind its previous Ruling and Judgment. First, the Court would note that Builders Supply had ample time prior to the issuance of its Ruling and Judgment to supplement its memorandum and evidence. Nevertheless, even if the delay in supplementation is disregarded, the Court finds that the arguments and evidence presented in the motion do not support amendment. The Court understands Builders Supply's arguments that it considered only whether Builders Supply's revenues would have increased and did not consider that Builders Supply's costs would have been decreased by expansion. However, the evidence is part and parcel of the same considerations. The Court did, in fact, consider several of these arguments. The problem with Builders Supply's arguments is the same: "Builders Supply cannot establish the loss to a reasonable degree of certainty" because its evidence is simply "too speculative." [Doc. No. 320, p. 10]. While Builders Supply has pointed to numbers used by Gowdy and Rice, those numbers are still without sufficient support to raise a genuine issue of material fact for trial, for the very reasons detailed in the Court's Ruling. Finally, to the extent that Gowdy relied on a comparison of a $2 million dollar lumberyard in Mer Rouge, Louisiana, to a $30 million dollar lumberyard does provide the type of objective evidence necessary to raise a genuine issue of material fact for trial or for the Court to reconsider its prior Ruling. Therefore,

IT IS ORDERED that the motion is DENIED.

MONROE, LOUISIANA, this 14th day of July, 2017.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE