UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| UNION PACIFIC RAILROAD COMPANY | CIVIL ACTION NO. 15-0074 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| TAYLOR TRUCK LINE, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

--(consolidated with)--

| R & L BUILDERS SUPPLY, INC., ET AL. | CIVIL ACTION NO. 15-2460 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| UNION PACIFIC RAILROAD COMPANY, ET AL. | MAG. JUDGE KAREN L. HAYES |

**RULING**

Pending before the Court are motions for partial summary judgment on the claims for land damages by R & L Builders Supply, Inc. ("Builders Supply") and R & L Properties of Oak Grove, LLC ("Properties"). Prewett Enterprises, Inc. ("Prewett") moves the Court to find that Builders Supply has no claim for damages to land owned by Properties and that any recovery by Properties must be based on the difference between the market value of the property before and after the accident. [Doc. No. 184]. College City Leasing, LLC ("College City"), Daniel Shackleford ("Shackleford"), Taylor Logistics, Inc. ("Taylor Logistics), Taylor Truck Line, LLC ("Taylor Truck"), Taylor Consolidated, Inc. ("Taylor Consolidated") (collectively "the Taylor Entities")[1] also

---

[1] Taylor Consolidated is not listed as a movant in the motion for partial summary judgment [Doc. No. 197] filed by the other Taylor entities. This appears to be a clerical error. To the extent that claims of damages to the land are asserted against Taylor Consolidated, those claims are resolved the same as they are to the other Taylor Entities. The Court finds no prejudice to the non-movants by consideration of this motion as to Taylor Consolidated as well

move for summary judgment, adopting and incorporating Prewett's arguments. [Doc. No. 197]. Likewise, Union Pacific Railroad Co. ("Union Pacific") moves for partial summary judgment, also adopting and incorporating Prewett's arguments. [Doc. No. 205]. Properties and Builders Supply oppose the motions. [Doc. Nos. 228, 239, 232 & 284]. The moving parties have filed replies in support of the motions. [Doc. Nos. 242, 243, 246 & 247].

Since these motions were originally briefed, the Court has issued rulings and judgments on other motions for partial summary with regard to Properties' and Builders Supply's claims of trespass, environmental damage, negligence, and loss of business expansion/opportunities. *See* [Doc. Nos. 292, 293, 296, 297, 298, 304, 305, 306, 307, 320 & 321].[2] The Court also issued a ruling and judgment regarding Builders Supply's claims. [Doc. Nos. 287 & 288]. In summary of these decisions, the Court has determined that there was no lease between Builders Supply and Properties and that Builders Supply cannot proceed to trial on any claims except for the loss of cross ties it had stored on Properties' land. The Court has found that Properties can proceed to trial with its claim that it suffered damage to its land, but found that it has failed to raise a genuine issue of material fact for trial on its claims of environmental contamination, loss of business expansion/opportunities, trespass, and negligence. For the reasons set forth in this Ruling and the Court's previous rulings, the motions for partial summary judgment on Properties' and Builders Supply's claimed land damages are GRANTED IN PART and DENIED IN PART.

---

as to the other Taylor Entities.

[2]The Court has issued rulings on other issues and claims as well, but the identified rulings and judgments are pertinent to the arguments in support of and in opposition to the instant motions.

I.   **FACTS AND PROCEDURAL HISTORY**

On October 5, 2014, a collision occurred in Mer Rouge, Louisiana, when a Union Pacific train collided with a 2013 Kenworth tractor with trailer and dolly (hereinafter "tractor-trailer") which had become lodged on the highway/railway grade crossing when the driver, Daniel Shackleford, attempted to cross.[3] The tractor-trailer was owned by College City and leased to Taylor Truck.

As a result of the collision, approximately 17 railroad cars and 2 locomotives left the railroad tracks, cargo spilled, and a tank car leaked Argon onto surrounding property. Properties owns the land located along Church Street in Mer Rouge[4] ("the Church Street Land") where at least some of the cars and other debris came to rest after the collision. Builders Supply operates a building supply and equipment facility on Andrews Lane in Mer Rouge across the street from the Church Street Land. At the time of the collision, Builders Supply sold hardware, lumber, and other items necessary to build a home. Builders Supply consists of the hardware store and three additional buildings which provide storage for the inventory of doors, sheet rock, treated lumber, and 2 x 4s. Sales at Builders Supply's Andrews Lane location were not affected by the derailment because its sales were significantly higher in April through June 2016 than they were during the same months in 2014 and 2015.

---

[3]The facts surrounding the collision are set forth more fully in the Court's previous rulings in this matter.

[4]The legal description of the land is as follows:

Lots 1 through 12, Block 23 inclusive of the T.H.B. Andrews Addition to Mer Rouge, Louisiana, as per plat thereof recorded in the Office of the Clerk of Court of Morehouse Parish, Louisiana, LESS AND EXCEPT the North 75 feet of Lots 10, 11, and 12, the North 75 feet of the East 5 feet of Lot 9, and the North 30 feet of Lots 7, 8 and 9 of said Block 23.

Approximately one year before the accident, Properties purchased the Church Street Land for the purpose of expanding Builders Supply's business operations. Builders Supply intended to expand the business by constructing a new store location, adding more storage, and offering new items for sale, including septic tanks, culverts, and steps. However, Builders Supply did not have a valid lease of the Church Street Land, no financing had been obtained for the expansion, and no construction had begun.

On January 14, 2015, Union Pacific brought the instant suit against Shackleford, and the entities that otherwise owned, leased, or had another interest in the tractor-trailer, Taylor Truck, Taylor Logistics, Inc., and College City. On November 4, 2015, a lawsuit filed by Properties and Builders Supply was consolidated with this lawsuit.

On February 27, 2017, the Court issued a Ruling and Judgment [Doc. Nos. 287 & 288], finding that there was no valid lease of the Church Street Land from Properties to Builders Supply and dismissing any claims asserted by Builders Supply for damage to the Church Street Land. The Court allowed Builders Supply to proceed with any claims for damages to cross ties it had stored on the Church Street Land.

On May 9, 2017, the Court issued a Ruling and Judgment [Doc. Nos. 304 & 305] dismissing all environmental contamination claims asserted by Properties and Builders Supply.

The same day, May 9, 2017, the Court issued a Ruling and Judgment [Doc. Nos. 306 & 307] dismissing any claims by Properties and Builders Supply for loss of lease payments relating to the Builders Supply expansion.

On May 17, 2017, the Court issued a Ruling and Judgment [Doc. Nos. 320 & 321] granting in part and denying in part motions for partial summary judgment with regard to Properties' and

Builders Supply's claims for past and future loss of revenues from the anticipated expansion. To the extent that Properties seeks to recover damages for the loss of sales of topsoil, the Court denied the motions. The Court otherwise granted the motions, and Properties' and Builders Supply's claims for past and future loss of revenues from the anticipated expansion were dismissed.

On July 13, 2017, the Court issued a Ruling and Judgment [Doc. No. 343 & 344] granting Union Pacific's Motion for Partial Summary Judgment on the Issue of Preemption of Liability for Additional Signs or Signalization at the Crossing. Opposing parties are precluded from presenting testimony or arguing to the jury in support of a claim that Union Pacific was negligent or at fault for failing to provide additional signs or signals at the Louisiana Highway 2/Davenport Avenue crossing.

Properties and/or Builders Supply filed a number of motions for reconsideration, all of which the Court has denied. *See* [Doc. Nos. 325, 341, 342 & 345].

The instant motions are fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of

materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

B. **Claims by Builders Supply**

For the reasons set forth in detail in the Court's previous rulings, the Court finds that Builders Supply has no interest in the Church Street Land, and, therefore, it cannot recover any damages to the land itself.[5] The pending motions for partial summary judgment are GRANTED, and Builders Supply's claims for damages to the land are DISMISSED WITH PREJUDICE.

C. **Claims by Properties**

The Court has found that Properties has an interest in the Church Street Land and may, therefore, pursue claims for damages. The movants argue, however, that any such damage must be limited to a difference in the pre- and post-market value of the Church Street Land, rather than the cost of restoration. Properties opposes this motion, responding that restoration would allow the property to be used in its anticipated manner and that it is reasonable to believe that damages would be used to make the necessary repairs.

"One injured through the fault of another is entitled to full indemnification for damages caused thereby." *Hornsby v. Bayou Jack Logging*, 2004-1297 (La. 5/6/05), 902 So. 2d 361, 365 (citing *Coleman v. Victor*, 326 So.2d 344 (La. 1976)). "'[W]hen property is damaged through the legal fault of another, the primary objective is to restore the property as nearly as possible to the state

---

[5] The Court's previous ruling stands that allows Builders Supply to proceed to trial with its claim that it suffered damages based on the loss of sales of cross ties that it had stored on the Church Street Land.

6

it was in immediately preceding the damage.'" *Id.* (citing *Coleman*, 326 So.2d at 346). Thus, as a "general rule," a person sustaining property damage is entitled to recover restoration costs "or, at his election, the difference between the value of the property before and after the harm." *Roman Catholic Church of Archdiocese of N.O. v. La. Gas Serv. Co.*, No. 92-C-0071 (La. 5/24/93), 618 So.2d 874, 879-80.

However, "at times restoration is not possible and is sometimes not cost effective." *Hornsby*, 902 So.2d at 367. "If . . . the cost of restoring the property is disproportionate to the value of the property or economically wasteful, unless there is a reason personal to the owner for restoring the original condition or there is reason to believe that the plaintiff will, in fact, make the repairs, damages are measured by the difference between the value of the property before and after the harm." *Roman Catholic Church*, 618 So.2d at 876; *see also State v. La. Land & Exploration Co.*, 2012-0884 (La. 1/30/13), 110 So.3d 1038, 1048 ("[U]nder the precepts of *Roman Catholic Church*, restoration damages may only be recovered when there are 'reasons personal to the owner' or there is reason to believe the landowner will, in fact, use the damages to restore the property.").

Since these motions were originally briefed, the Court has ruled on a number of other motions in this case which affect Properties' claimed damages, including the dismissal of Properties' claim for damages for environmental contamination. After reviewing the record and its previous rulings, the Court finds that there is a genuine issue of material fact for trial whether the costs that can be proven at trial for restoration of the property are disproportionate to its value or economically wasteful. Given that finding, the Court does not reach the *Roman Catholic* test. If, at the close of Properties' evidence movants contend that the *Roman Catholic* test has been implicated, they may

7

re-urge their motions at that time.[6]

III.　CONCLUSION

For the foregoing reasons, the motions for partial summary judgment on Properties' and Builders Supply's land damages filed by Prewett, the Taylor Entities, Union Pacific [Doc. Nos. 184, 197 & 205] are **GRANTED IN PART AND DENIED IN PART.** To the extent that Builders Supply seeks to recover for damages to the Church Street Land,[7] the motions are **GRANTED**, and the claims by Builders Supply are **DISMISSED WITH PREJUDICE**. The motions are otherwise **DENIED**, subject to the right of the movants to re-urge their motions at the close of Properties' evidence at trial.

MONROE, LOUISIANA, this 3rd day of August, 2017.

*[signature: Robert G. James]*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[6] The Court does not limit the movants' ability in any way to challenge the validity of the restoration costs sought by Properties. For example, in their memorandum, Properties contends that it must remove a minimum of two feet of soil to ensure a stable foundation for building. [Doc. No. 232, p. 26]. However, it admits that the removal of one foot of soil was necessary prior to the accident. Therefore, Properties clearly could not recover the entire cost of the soil removal.

[7] The Court has previously determined that Builders Supply can recover damages, if proven at trial, for the loss of cross ties it stored on the Church Street Land.