# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNION PACIFIC RAILROAD COMPANY** | **CIVIL ACTION NO. 15-0074** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TAYLOR TRUCK LINE, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**--(consolidated with)--**

| | |
|---|---|
| **R & L BUILDERS SUPPLY, INC., ET AL.** | **CIVIL ACTION NO. 15-2460** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **UNION PACIFIC RAILROAD COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court is a "Motion for New Trial and/or to Alter or Amend Judgment and/or in the Alternative, for Relief under Rule 60 and/or for Clarification of Ruling and Judgment" ("Rule 54(b) Motion") [Doc. No. 348] filed by Defendants Daniel Shackleford, College City Leasing, LLC, Taylor Truck Lines, Inc., Taylor Logistics, Inc., and Taylor Consolidated, Inc. (collectively, "the Taylor Entities"). The Taylor Entities move the Court to reconsider its July 13, 2017 Ruling and Judgment [Doc. Nos. 343 & 344] granting Plaintiff Union Pacific Railroad Company's ("Union Pacific") Motion for Partial Summary Judgment on the Issue of Preemption of Liability for Additional Signs or Signalization at the Crossing [Doc. No. 190]. The Court held that federal preemption bars any claims or defenses that Union Pacific was negligent by failing to provide additional signs or signals at the Crossing to warn of low ground clearance.

The Taylor Entities argue that the Court committed manifest error of law because a low ground clearance sign does not fall within the definitions of active or passive warning signs under the Federal Railway Safety Act, and there is no federal law or regulation on the use or placement of low ground clearance signs. Accordingly, the Taylor Entities argue that state law controls, and they can assert a defense of negligence against Union Pacific.

Alternatively, the Taylor Entities seek clarification of the scope of the Court's ruling. Specifically, they ask the Court to address whether their expert, Alan Blackwell ("Blackwell"), can offer testimony at trial regarding the need for the Union Pacific trains to reduce speed or to remove the track from service until a low ground clearance sign was posted.

In response, Union Pacific argues that the Taylor Entities have not presented a mistake of fact or law, new evidence, injustice, or change in the controlling law that would support the Court's reconsideration of its judgment. Union Pacific further contends that a motion to clarify is not provided for in the Federal Rules of Civil Procedure, and the remedy sought extends beyond the Court's ruling on the Motion for Partial Summary Judgment.

No reply memorandum was filed.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments. Rule 54(b) provides that any order "that adjudicates fewer than all the claims... [among] all the parties... may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco,*

*Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see generally Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). An "order granting partial summary judgment [is] interlocutory," and, therefore, the Court must "analyze[] the motion for reconsideration under Rule 54(b) . . . instead of Rule 59(e), which applies to final judgments." *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals*, LLC, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *HBM Interests,* 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

      In this case, the Court finds no basis to reconsider or rescind its previous Ruling and Judgment. The Court has already considered all arguments raised by the Taylor Entities before ruling that their claim regarding the low clearance warning sign was preempted. The Taylor Entities do not point to any change in the controlling or new evidence to support their motion, but merely rehash their previous arguments. Therefore, the Court finds no reason to reconsider its Ruling and Judgment.

Further, the Court finds no need to offer "clarification" because the Ruling and Judgment are clear that the Taylor Entities cannot rely on the defense that Union Pacific was negligent in failing to post a low clearance warning sign.[1]

IT IS ORDERED that the motion is DENIED.

MONROE, LOUISIANA, this 13th day of September, 2017.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that the Taylor Entities contend that the combination of conditions required the Union Pacific crew to reduce speed, the Court has issued a separate Ruling and Judgment on Union Pacific's Motion for Partial Summary Judgment Regarding Speed.