# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNION PACIFIC RAILROAD COMPANY** | **CIVIL ACTION NO. 15-0074** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TAYLOR TRUCK LINE, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

--(consolidated with)--

| | |
|---|---|
| **R & L BUILDERS SUPPLY, INC., ET AL.** | **CIVIL ACTION NO. 15-2460** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNION PACIFIC RAILROAD COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a Motion to Refer Preemption Issue to the Surface Transportation Board and to Stay this Lawsuit Pending the Surface Transportation Board's Ruling ("Motion to Refer") [Doc. No. 426] filed by Defendants Daniel Shackleford ("Shackleford"), College City Leasing, LLC ("College City"), Taylor Truck Lines, Inc. ("Taylor Truck"), Taylor Logistics, Inc. ("Taylor Logistics"), and Taylor Consolidated, Inc. (collectively, "the Taylor Entities"). Consolidated Plaintiffs R & L Properties of Oak Grove, LLC and R & L Builders Supply, Inc. have joined the Taylor Entities' motion. [Doc. No. 433]. Plaintiff Union Pacific Railroad Co. ("Union Pacific") has filed a memorandum in opposition to the motion. [Doc. No. 436]. The Taylor Entities have filed a reply in support of their motion. [Doc. No. 437].

For the following reasons, the Motion to Refer is DENIED.

## I. FACTS AND PROCEDURAL HISTORY

The Court has set forth the facts and procedural history of this case numerous times in rulings on multiple substantive motions. The Court incorporates its recitation of facts and procedural history by reference.

With specific regard to this motion, on April 10, 2018, the Court issued a Ruling [Doc. No. 404] and Judgment [Doc. No. 405] on Union Pacific's Second Motion for Partial Summary Judgment [Doc. No. 380], granting the motion and finding that the Taylor Entities' comparative negligence defense based on Union Pacific's construction, repair, or maintenance of the Crossing is preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 USCS §10101, *et. seq.*

On April 20, 2018, the Taylor Entities filed a Motion to Alter Judgment [Doc. No. 407]. They moved the Court to amend its Judgment for interlocutory certification to the United States Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 1292(b). Union Pacific opposed interlocutory certification [Doc. No. 410]. After review, the Court granted the Taylor Entities' motion and certified its Ruling and Judgment on ICCTA preemption to the Fifth Circuit. [Doc. No. 411]. While the request for interlocutory review was pending, on May 30, 2018, the Taylor Entities filed a letter with the Fifth Circuit, arguing that their affirmative defense was saved by the FRSA and citing to the STB's May 25, 2018 decision in *Jimmy Lee Waneck and Starr Sweringen Waneck, et al.—Petition for Declaratory Order*, Docket No. FD 36167 (May 25, 2018), as well as attaching copy of that decision. However, on June 1, 2018, the Fifth Circuit denied leave on the interlocutory appeal [Doc. No. 413], and the case was returned to this Court.

On August 16, 2018, the Taylor Entities filed the instant motion, moving the Court to reconsider its previous Ruling and Judgment, to refer the ICCTA preemption issue to the Surface Transportation Board ("STB") and to stay this lawsuit pending a decision of the STB. The motion is fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

The ICCTA establishes that the STB has exclusive jurisdiction over the following:

> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State, is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501(b). State law claims or defenses may be expressly or impliedly preempted. In its previous Ruling, the Court found that the Taylor Entities' defense based on state negligence law is preempted under the ICCTA where they contend that Union Pacific was negligent in constructing, repairing, or maintaining the Crossing and, if the Taylor Entities are correct, then Union Pacific would be required to make changes to the Crossing that would require considerable reconstruction. The Court concluded that "the Taylor Entities 'seek to manage or govern railroad operations' and 'allowing them to go forward' with their comparative negligence defense 'would unreasonably interfere with rail transportation.'" [Doc. No. 404, p. 17 (quoting *Thomas Tubbs— Petition for Declaratory Order*, Docket No. FD 35792, 2014 WL 5508153, at *5 (Oct. 31, 2014))].

The Taylor Entities now move the Court to refer the issue of preemption to the STB based

4

on a recent decision, arguing that the Court should (1) reconsider its judgment; (2) "refer to the [STB] the critical issue of whether the [ICCTA] or the Federal Rail Safety Act ["FRSA"] governs the question of whether the affirmative defense of comparative negligence raised by the Taylor Entities is preempted by federal law"; and (3) stay further action until STB rules.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments. Rule 54(b) provides that any order "that adjudicates fewer than all the claims... [among] all the parties... may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see generally Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). An "order granting partial summary judgment [is] interlocutory," and, therefore, the Court must "analyze[] the motion for reconsideration under Rule 54(b) . . . instead of Rule 59(e), which applies to final judgments." *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals*, LLC, No.

2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *HBM Interests,* 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

In this case, the Court finds no manifest errors of fact or law upon which to reconsider its judgment and that a stay for a referral to the STB would not promote judicial economy or the efficient administration of justice.

The Taylor Entities rely on the STB's *Waneck* decision, which they characterize as "groundbreaking." [Doc. No. 426, pp. 2-3]. However, as the Taylor Entities point out, the STB actually "declined to institute a proceeding on the questions raised, and instead provided guidance on the preemption issue." *Id.* at p. 7. As the STB stated in *Waneck*:

[I]ssues involving federal preemption under § 10501(b) [of the ICCTA] can be decided either by the Board or the courts in the first instance as "both the Board and the courts have concurrent jurisdiction to determine preemption." *Brookhaven Rail Terminal—Pet. For Declaratory Order*, FD 35819, slip op. at 4 (STB served Aug. 28, 2014). Moreover, the district court has not referred any issues to the Board, and it can address the preemption issues presented. *See City of Sammamish, Wash*. — Pet. for Declaratory Order, FD 36161, slip op. at 4 (STB served Mar. 29, 2018). Further, with respect to Petitioners' FRSA-related arguments, it would be beyond the Board's purview to interpret FRSA or to opine on how § 20106(b) might apply to the claims at issue in the district court. However, the Board offers the following guidance to the court and the parties to assist in the resolution of this dispute.

*Waneck*, 1999 WL at *3.

Moreover, as Union Pacific points out, the STB, which is authorized to have five members, had only two members at the time of the Waneck advice because of the delays in the political

6

appointment process. Neither of those two members is a lawyer or trained in the law. [Doc. No. 436, p. 3 (citing to https://www.stb.gov/stb/about/board.html (last visited Aug. 31, 2018))]. The STB does not (and could not) claim exclusive jurisdiction or competence to analyze preemption issues. Rather, as often is the case, this Court has analyzed the preemption issue and stands by its analysis of this issue of law. The Court allowed the Taylor Entities leave to obtain review of the Fifth Circuit, but the Fifth Circuit declined, even after having been made aware of the *Waneck* decision. *Waneck* does not, in this Court's view, create a manifest error of law necessitating the Court's reconsideration of its Ruling and Judgment.[1]

Finally, in considering whether to refer this issue to the STB, the Court cannot ignore the fact that this case has been pending more than three and one-half years and will have been pending four years by the time of trial, if no other delays are permitted. The parties have had the opportunity to engage in extensive motion practice, have fully briefed all of those motions, and have sought reconsideration on a large number of motions. At this point, it is the Court's view that the efficient administration of justice requires that the parties proceed to trial as set on January 21, 2019, and they can appeal any or all of the Court's decisions after the entry of final judgment.

### III. CONCLUSION

For the reasons set forth above, the Taylor Entities' Motion to Refer [Doc. No. 426] is

---

[1] The parties have had the opportunity to argue the applicability of the FRSA and its provisions in other motions for partial summary judgment in this case. *See* [Doc. Nos. 289, 290, 343, 344, 358, and 359].

DENIED.

MONROE, LOUISIANA, this 24th day of September, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE